UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL KURTZ, individually and ) Case No. 2:11-CV-01009-JAM-JFM
on behalf of all other similarly )
situated California Residents,    )
                                  )    ORDER GRANTING DEFENDANTS'
                  Plaintiff,      )    MOTION TO TRANSFER
                                  )
     v.                           )
                                  )
INTELIUS, INC., a Delaware        )
Corporation; INTELIUS SALES       )
COMPANY LLC, a/k/a INTELIUS       )
SALES, LLC, a Nevada Limited      )
Liability Company; and ADAPTIVE   )
MARKETING LLC, a Delaware         )
Limited Liability Company,        )
                                  )
                  Defendants.     )
_____ )

     This matter comes before the Court on Defendants Intelius,

Inc. and Intelius Sales Company, LLC's (collectively "Defendants")

Motion to Transfer this action to the Central District of

California (Doc. #13), which Plaintiff Michael Kurtz ("Plaintiff")

opposes (Doc. #34).[1]

     For the reasons set forth below(and not because this Court

found either Yogi Berra or Sun Tsu to be persuasive authority),

_____

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
scheduled for August 3, 2011.

1

1   Defendants' Motion to Transfer is granted.

2       I.   FACTUAL AND PROCEDURAL BACKGROUND

3     This case was initiated as a class action suit. The named

4   Plaintiffs, and proposed putative class of California consumers,

5   seek relief based on allegedly deceptive advertisements that

6   appeared on Defendants' website.  See Defendants' Motion to

7   Transfer, Doc. #13-1 ("Defs MT") at pg. 1.

8     Prior to the filing of this case, Plaintiffs' attorneys filed

9   an identical action in the Central District of California through

10  different named plaintiffs, seeking relief under various California

11  laws.  Compare Doc. #1 with Baxter v. Intelius, et al., Case No.

12  09-1031 AG (second amended complaint filed June 11, 2010).  This

13  previous case was summarily dismissed with prejudice.  Importantly,

14  in lieu of paying sanctions, the Baxter plaintiffs, represented by

15  the same attorneys as the Plaintiffs in this case, stipulated to

16  not file another case against Intelius involving the same facts.

17  See Defs MT at pg. 1-2.

18

19       II.   OPINION

20   A.   Legal Standard

21    1.   Motion to Transfer

22    28 U.S.C. section 1404(a) authorizes the transfer of any case

23  to a more convenient forum if transfer is in the interest of

24  justice.  Specifically, "[f]or the convenience of the parties and

25  witnesses, in the interest of justice, a district court may

26  transfer any civil action to any other district or division where

27  it might have been brought. (28 U.S.C. § 1404(a)).  Indeed,

28  district courts have discretion to adjudicate motions for transfer

1   according to "an individualized, case-by-case consideration of

2   convenience and fairness," Stewart Org., Inc. v. Ricoh Corp., 487

3   U.S. 22, 29 (1988), and the burden is on the moving party to show

4   that transfer is appropriate. See Commodity Futures Trading Com. v.

5   Savage, 611 F.2d 270, 279 (9th Cir. 1979).

6       In determining whether transfer is warranted, the Ninth

7   Circuit requires district courts to weigh multiple factors,

8   including: (1) the location where the relevant agreements were

9   negotiated and executed, (2) the state most familiar with the

10  governing law, (3) the plaintiff's choice of forum, (4) the

11  parties' contacts with the forum, (5) the contacts relating to the

12  plaintiff's cause of action in the chosen forum, (6) the

13  differences in the costs of litigation in the two forums, (7) the

14  availability of compulsory process to compel attendance of

15  unwilling non-party witnesses, and (8) the ease of access to

16  sources of proof.  Jones v. GNC Franchising, Inc., 211 F.3d 495,

17  498-99 (9th Cir. 2000).

18              2.   Request for Judicial Notice

19      A court may consider material beyond the pleadings if the

20  material is attached to, or relied on by, the complaint, or the

21  court takes judicial notice of matters of public record, provided

22  the facts are not subject to reasonable dispute.  E.g., Sherman v.

23  Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009)

24  (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.

25  2001) and FED. R. EVID. 201).

26      Defendants have requested this Court take judicial notice of

27  public records.  Defendants' Request for Judicial Notice, Doc. #14.

28  These documents are relevant to the pending motion to transfer, and

1  are not subject to reasonable dispute.  See FED. R. EVID. 201.

2  Accordingly, this Court grants Defendants' request in its entirety

3  and considers the proffered documents in ruling on Defendants'

4  Motion to Transfer.

5       B.   Defendants' Motion to Transfer

6       As set forth in Defendants' motion, this Court must find that

7  the pending action could have originally been brought in the

8  Central District, and that the transfer would be convenient and in

9  the interests of justice.  Defendants' motion demonstrates that

10 both of these requirements for transfer are satisfied, and the

11 factors provided by the Ninth Circuit weigh in favor of transfer,

12 as discussed below.

13      First, Defendants established that they could be subject to

14 suit in any district in California, which Plaintiffs did not

15 dispute in their Opposition.  See Defs MT at pg. 7-8.

16      Next, Defendants argue that transferring this action is in the

17 interests of justice.  Defs MT at pg. 8-12 (citing Wireless

18 Consumers Alliance v. T-Mobile USA, Inc., 2003 WL 22387598 (N.D.

19 Cal. 2003)).  An important factor for this Court to consider in

20 determining whether transfer is appropriate is conservation of

21 judicial resources, and Defendants argue that this factor weighs

22 heavily in favor of transfer.  Id. at pg. 9-11.  This Court agrees

23 that judicial resources are conserved when an action is adjudicated

24 by a court that has already "committed judicial resources to the

25 contested issues and is familiar with the facts of the case."  See

26 Rainin Instrument, LLC v. Gilson, Inc., 2006 WL 708660 at *4 (N.D.

27 Cal. 2004).  An identical case, brought by the same attorneys, has

28 been litigated in the Central District, making that court

1  intimately familiar with the issues in the case.  Moreover, as

2  Defendants point out, had this case been initiated in the Central

3  District, it would have been related to the Baxter matter and heard

4  by the same judge.  See Central District of California Local Rules,

5  Rule 83 ("At the time a civil action . . . is filed, the attorney

6  shall file . . . a Notice of Related Case(s), stating whether any

7  action previously filed . . .: (a) [arises] from the same or a

8  closely related transaction, happening or event; or (b) [requires]

9  determination of the same or substantially related or similar

10 questions of law and fact; or (c) . . . would entail substantial

11 duplication of labor if heard by different judges.").  Plaintiffs'

12 accusation that Defendants are forum shopping is unfounded.

13 Instead, it is Plaintiffs that seek to get around an adverse ruling

14 by finding new named Plaintiffs and filing in a different district.

15     Defendants have also established that transfer of this case to

16 the Central District is convenient because the Baxter matter,

17 involving the same facts, witnesses, and evidence, was conveniently

18 venued in the Central District.  Defs MT at pg. 12-15.  Although

19 the named Plaintiff in this case resides in the Eastern District,

20 Defendants note that the class of Plaintiffs are located throughout

21 California.  Moreover, Plaintiffs' choice of forum in the Eastern

22 District should be discounted in light of the Baxter holding, as

23 the judicially noticed matters before this Court make clear that

24 Plaintiffs are simply attempting to re-litigate an unsuccessful

25 case in another forum.

26     Finally, this Court notes that the Keithly decision does not

27 affect the outcome of this case, nor does Plaintiffs' citation to

28 the "ROSCA" statute.  See Keithly v. Intelius, Inc., et al., 764

1  F.Supp.2d 1257 (W.D. Wash. 2011).  If anything, the <u>Keithly</u>

2  decision helps Defendants.  In that case, the district court

3  dismissed all of the plaintiffs' claims, several of which are

4  presented in this case, and were presented in <u>Baxter</u>, but found

5  that plaintiffs had stated a claim under Washington State Law.  <u>See</u>

6  <u>id.</u>  <u>Keithly</u> is clearly distinguishable from the case at bar, and

7  therefore has no bearing on Defendants' Motion to Transfer.  Nor

8  does the ROSCA statute merit any consideration, as it does not

9  appear in Plaintiffs' complaint.

10      In light of Plaintiffs' attempt to re-litigate a previously

11  filed, and dismissed action, Defendants' Motion to Transfer is

12  granted.

13      C.   <u>Other Pending Motions</u>

14      In light of this Court's ruling on Defendants' Motion to

15  Transfer, all other pending motions will not be considered by this

16  Court and may be considered in the Central District.  <u>See Utah v.</u>

17  <u>American Pipe & Constr. Co.</u>, 316 F. Supp. 837, 839 (C.D. Cal. 1970)

18  (transferor court loses jurisdiction over action upon transfer).

19

20                          III. ORDER

21      After carefully considering the papers submitted in this

22  matter, it is hereby ordered that Defendants' Motion to Transfer is

23  GRANTED and this case shall be transferred to the Central District

24  of California, Southern Division.  It is further ordered that all

25  other filed motions are stayed pending transfer.

26      IT IS SO ORDERED.

27  Dated: September 8, 2011

28                          _____
                            JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE